IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JEFFREY B. ISRAELITT,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 18-cv-01454-SAG |
| **ENTERPRISE SERVICES LLC** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On December 22, 2021, Enterprise Services LLC ("Defendant") filed a letter arguing that Mr. Israelitt's ("Plaintiff") sole remaining claim—an Americans with Disabilities Act ("ADA") retaliation claim—does not entitle him to a jury trial. ECF 70. The same day, this Court held a teleconference with the parties and directed Plaintiff to file any response by January 5, 2022. ECF 71. On January 5, 2022, Plaintiff filed such a response, ECF 73, and Defendant filed additional correspondence highlighting supplemental authority in support of its December 22nd letter. ECF 72. Primarily, Plaintiff argues that Defendant previously consented to a jury trial and, correspondingly, has waived any objection to one. ECF 73 at 1-3. Even if not, however, Plaintiff argues that his retaliation claim is, in fact, triable by a jury. ECF 73 at 3-9. Finally, again in the alternative, Plaintiff argues that this Court should empanel an advisory jury to which Plaintiff could try his claim. *Id.* at 10. This Court has thoroughly reviewed the parties' submissions on these issues, along with the cases cited therein. For the following reasons, this Court agrees with Defendant and will try this case as a bench trial.

**ANALYSIS**

**I.   Consent and Waiver**

As an initial matter, this Court is not persuaded by Plaintiff's waiver or consent arguments. There is no doubt that everyone involved in this litigation—this Court included—has proceeded until Defendant's recent filing under the expectation that this case would result in a jury trial. That does not mean, however, that Defendant expressly consented to a jury trial or waived its right to object to one. Even if Defendant had actually consented to a jury trial on Plaintiff's retaliation claim, persuasive authority establishes that a defendant may revoke that consent at any time prior to trial. *Kramer v. Banc of America Securities, LLC*, 355 F.3d 961, 968 (7th Cir. 2004) ("[T]here is no restraint in the text of Rule 39 on the ability of a party to withdraw its consent to a jury trial that is not of right. . . . [T]o the extent [the defendant] did consent to a jury trial, it withdrew that consent with its motion to strike [the plaintiff's] jury demand."); *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1089-90 (11th Cir. 2016); *see Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 226-27 (3d Cir. 2007); *see also Mowbray v. Zumot*, 536 F. Supp. 2d 617, 621 (D. Md. 2008); *Demastes v. Midwest Diversified Mgmt. Corp.*, No. 319CV00065RJCDCK, 2020 WL 1490741, at *4 (W.D.N.C. Mar. 24, 2020). As these cases demonstrate, the fact that a defendant can revoke its consent to a jury trial at any time before trial also demonstrates that Plaintiff's waiver argument lacks merit. After all, if a defendant can revoke consent prior to trial, it follows, then, that such consent, by itself, does not waive the defendant's ability to object prior to trial. Thus, to the extent Defendant ever consented to a jury trial on Plaintiff's retaliation claim, it has now validly revoked such consent.

Plaintiff cites *Rhoads v. F.D.I.C.* for the proposition that a party may impliedly consent to a jury trial. 286 F. Supp. 2d 532, 538 (D. Md. 2003), *aff'd*, 94 F. App'x 187 (4th Cir. 2004). But

he cites no authority that contradicts the cases above which hold that, *even if a defendant consents*, the defendant is free to revoke that consent prior to trial.

Regardless, notwithstanding Plaintiff's waiver and consent arguments, Federal Rule of Civil Procedure 39 expressly allows this Court, "on motion or on its own," to designate a trial as a bench trial if it "finds that on some or all of th[e] issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). There is no time limit or deadline in Rule 39, and "it is well-established that a party (or the Court on its own initiative) may move to strike a jury demand at any time, even on the eve of trial." *Mowbray*, 536 F. Supp. 2d at 621.

Finally, the Plaintiff will not suffer any prejudice by converting this trial to a bench trial. Trial is more than five weeks away, and the parties have not yet submitted pretrial filings. There is no doubt that it would have saved the parties and this Court time and resources if Defendant had raised this issue sooner.[1] But the Court's job at this juncture is to arrive at the correct legal result, and the law simply does not support Plaintiff's consent or waiver arguments.

## II.     Right to a Jury Trial

Plaintiff argues that he has a right to a jury trial on his retaliation claim under the ADA, 42 U.S.C. § 12203. At bottom, this issue turns on the type of relief available to Plaintiff on that claim. Where relief is limited to equitable remedies, as opposed to legal remedies, the Seventh Amendment does not guarantee a plaintiff the right to a jury trial. *See Chauffers, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S558, 564-65 (1990). The question here, then, is whether

---

[1] That said, while not impacting this Court's decision, this case may be tried sooner if it is converted to a bench trial because the latest surge in COVID-19 infections has caused the postponement of jury trials that may well be extended past February 14th. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, 1:00-mc-00308, ECF 142, Standing Order 2021-15 (D. Md. Dec. 22, 2021) (postponing jury trials through January 24, 2022).

the ADA permits Plaintiff to recover legal remedies, namely compensatory or punitive damages, for his retaliation-based claim.

As the parties' briefing demonstrates, this is a disputed question of statutory interpretation. However, in an unpublished opinion, the Fourth Circuit has squarely held that a plaintiff is not entitled to a jury trial on a retaliation claim under 42 U.S.C. § 12203. *Bowles v. Carolina Cargo, Inc.*, 100 F. App'x 889, 890 (4th Cir. 2004). In another unpublished case, the Fourth Circuit held that neither compensatory nor punitive damages are available in an ADA retaliation claim. *Rhoads v. F.D.I.C.*, 94 F. App'x 187 (4th Cir. 2004). Both cases cite to the Seventh Circuit's decision in *Kramer v. Banc of America Securities, LLC* as support for those conclusions. 355 F.3d 961 (7th Cir. 2004). Since *Bowles*, *Rhoads*, and *Kramer*, the Ninth Circuit has ruled similarly. *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261 (9th Cir. 2009) ("[W]e hold, as did the Seventh Circuit in *Kramer*, that the plain and unambiguous provisions of 42 U.S.C. § 1981a limit the availability of compensatory and punitive damages to those specific ADA claims listed. ADA retaliation is not on the list. Because we conclude that ADA retaliation claims are redressable only by equitable relief, no jury trial is available.").

Because *Bowles* and *Rhoads* are unpublished, they are not binding. However, in the years since they were issued, numerous district courts within the Fourth Circuit have adopted their holdings. Neither the parties nor this Court has found a single district court decision from within the Fourth Circuit (since *Bowles* and *Rhoads*) that has ruled the other way. *See, e.g.*, *Cannon v. Wal-Mart Associates, Inc.*, No. 5:19-CV-373-D, 2021 WL 4164075, at *6 (E.D.N.C. Sept. 10, 2021); *Williams v. Quality Technology, Inc.*, No. 1:19-cv-106 (LMB/MSN), 2020 WL 807526, at *3 (E.D. Va. Feb. 18, 2020); *Dalton v. Lewis-Gale Medical Center, LLC*, No. 7:19-cv-00204, 2019 WL 4394757, at *1-3 (W.D. Va. Sept. 13, 2019) (noting that "there does not appear to be a

substantial difference of opinion on this issue within the Fourth Circuit."); *Via v. Communications Corp. of Am., Inc.*, 311 F. Supp. 3d 812, 821-22 (W.D. Va. 2018); *Akbar-Hussain v. ACCA, Inc.*, No. 1:16-cv-1323, 2017 WL 176596, at *4-5 (E.D. Va. Jan. 17, 2017); *Counts v. Norton Community Hospital/Mountain States Health Alliance*, No. 2:13cv00012, 2013 WL 4255743, at *2 (W.D. Va. Aug. 15, 2013).

  Plaintiff cites three cases from within the Fourth Circuit as support for his position.  First, he cites Judge Blake's pre-trial decision in *Rhoads*, which found that "compensatory damages are available to Rhoads on her ADA retaliation claim" and, therefore, that the plaintiff had a right to a jury trial on that claim.  No. CCB-94-1548, 2002 WL 31755427, at *2 (D. Md. Nov. 7, 2002).  That district court decision, however, was issued two years before the Fourth Circuit came to the opposite conclusion in *Bowles* and, ironically, in *Rhoads* itself.  The Plaintiff misrepresents the subsequent procedural history of the *Rhoads* case.  There, although the case proceeded to a jury trial, Judge Blake granted the defendant's post-trial motion for judgment as a matter of law on the issue of compensatory damages "on the grounds that Rhoads did not present any evidence whatsoever supporting her claim for such damages."  *Rhoads*, 286 F. Supp. 2d at 537.  Moreover, on appeal, the Fourth Circuit held that "Rhoads' claim that she was entitled to recover compensatory and punitive damages in her trial for violation of the ADA's anti-retaliation provision fails *because such relief is unavailable*."  *Rhoads*, 94 F. App'x at 187 (citing *Kramer*, 355 F.3d at 965) (emphasis added).  Just two months later, the Fourth Circuit reaffirmed that view in *Bowles*.  Second, and similarly, the Fourth Circuit's published decision in *Baird v. Rose*, 192 F.3d 462, 471-72 (4th Cir. 1999), which broadly stated that Title VII remedies are available to plaintiffs under the ADA's antiretaliation provisions, was issued five years before *Bowles* and *Rhoads*.  Third, Plaintiff cites *Evans v. Larchmont Baptist Church Infant Care Ctr., Inc.*, which

acknowledged the disputed nature of this issue and then explained that, *even assuming* (without holding) that compensatory and punitive damages would have been available to the plaintiff, she was not entitled to them.  956 F. Supp. 2d 695, 707 (E.D. Va. 2013) ("[*E*]*ven if* such damages are available for [an ADA retaliation] claim, the Court finds that they are unwarranted here.") (emphasis added).  Thus, none of these cases provides Plaintiff any support for his contention that the law within the Fourth Circuit supports his entitlement to legal remedies or to a jury trial.

To be sure, Plaintiff cites several out-of-circuit cases holding that compensatory and punitive damages are available for ADA retaliation claims.  However, the overwhelming weight of authority in this Circuit holds otherwise, and the Fourth Circuit has, twice, expressed its clear preference for that conclusion.  Accordingly, this Court adopts the reasoning in those cases and holds that neither compensatory nor punitive damages are available under the ADA's antiretaliation provisions, and, therefore, that Plaintiff is not entitled to a jury trial on his retaliation claim.  *Bowles*, 100 F. App'x at 890; *Rhoads*, 94 F. App'x at 187; *Kramer*, 355 F.3d at 965; *Alvarado*, 588 F.3d at 1269-70.

### III.  Advisory Jury

In the alternative, Plaintiff asks this Court to exercise its discretion to empanel an advisory jury, which it is entitled to do under Fed. R. Civ. P. 39(c)(1).  This Court is currently facing a backlog of jury trials due to the COVID-19 pandemic and has been forced, yet again, to postpone jury trials due to the latest surge in infections.  *In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, 1:00-mc-00308, ECF 142, Standing Order 2021-15 (D. Md. Dec. 22, 2021) (postponing jury trials through January 24, 2022).  Grave public health concerns starkly limit the number of prospective jurors that can safely enter the courthouse on any given

day. This Court, therefore, declines to enlist an advisory jury to informally recommend a disposition of Plaintiff's claim.

In any event, this Court is not persuaded that an advisory jury would be helpful in its adjudication. Even if an advisory jury rendered an advisory verdict, this Court would need to reach its own conclusion about the merits. To avoid that substantial waste of time and resources, which would include unnecessarily subjecting potential jurors to the current health risks associated with jury service, the Court believes it far more appropriate to proceed with a traditional bench trial.

## CONCLUSION

For the reasons set forth above, this Court finds that Plaintiff is not entitled to a jury trial on his ADA retaliation claim, and this case will be tried by bench trial beginning on February 14, 2022. A separate order follows.

Dated: January 7, 2022                                                            /s/
                                                                         Stephanie A. Gallagher
                                                                         United States District Judge